**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tasha C. Paulino, | No. CV 15-518-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Lino A. Paulino, Jr., | |
| Defendant. | |

The court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Therefore, the court will do so in this order.

**I.  Legal Standards**

**A.  28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

### B.  Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

## II.  Analysis

In this case, the complaint, including attachments, is 139 pages. Doc. 1. However, only the first two pages of the complaint contain Plaintiff's allegations. The entirety of the "complaint" portion of Plaintiff's complaint is as follows:

> Oklahoma has yet to serve any real justice on this case/cases to me caused by the defendant. Complaint being there is no, Prose even if the state claims there is. I have tried and researched with no relief to file Prose. Complaint being defendant filed February 6th 2015 with out notifying me or the court notifying me and I was denied regular visitation. Complaint being defendant is abusive and refusing me visitation or support of proper alimony because we are no longer together. Meaning I am no longer under his control or abuse but he is trying to assume control and abuse me through denial of visitation and/or custody and proper alimony.

Doc. 1 at 1.

The United State Supreme Court has held:

> ...The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction. This application is consistent with Barber's directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees. We conclude, therefore, that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

*Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (internal citations and quotations omitted).

Plaintiff's complaint falls within the domestic relations exception to federal jurisdiction. Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the Complaint in this case is dismissed, without prejudice, for lack of federal subject matter jurisdiction and the Clerk of the Court shall enter judgment accordingly.

DATED this 31st day of March, 2015.

_____
James A. Teilborg
Senior United States District Judge